IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNION INSURANCE COMPANY,
An Iowa corporation,

        Plaintiff,

v.                                                    No.: 1:17-cv-00109

CURB SOUTH, LLC, a New Mexico Limited
Liability Company,
THE CINCINNATI INSURANCE COMPANY,
An Ohio corporation,
DANNY WEST, MARSHA WEST,
JESUS SEDILLOS, JOYCE SEDILLOS,
TERRY HERTZ, BRYAN MARTINEZ,
ADELITA MARTINEZ and DEPAAK SHAH,

        Defendants.

**COMPLAINT FOR DECLARATORY RELIEF
AND EQUITABLE SUBROGATION**

Plaintiff Union Insurance Company ("Union"), by and through its attorneys, Allen, Shepherd, Lewis & Syra, P.A., for its Complaint for Declaratory Relief and Equitable Subrogation states and alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1.      Plaintiff is an Iowa corporation with its principal place of business in the State of Iowa.

2.      Defendant Curb South, LLC ("Curb South") is a New Mexico limited liability company. Upon information and belief, each of its members are citizens of the State of New Mexico.

3. Defendant The Cincinnati Insurance Company is an Ohio corporation with its principal place of business in the State of Ohio.

4. Defendants Danny West, Marsha West, Jesus Sedillos, Joyce Sedillos, Terry Hertz, Bryan Martinez, Adelita Martinez and Depaak Shah are individuals who are citizens and residents of the State of New Mexico.

5. The Plaintiff is diverse from all Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. This Court has jurisdiction pursuant to 28. U.S.C. § 1332, 28 U.S.C. §2201 and Fed. R. Civ. P. 57.

7. Venue is proper in this District.

## II.

## **GENERAL ALLEGATIONS**

8. Plaintiff Union was the general liability insurer for Curb, Inc. under a series of successive commercial general liability policies bearing Policy No. 9008387. The first policy period began April 20, 2003. The last policy was terminated at the request of the named insured effective November 1, 2010. Curb South was also an insured under the Union CGL policies. The Policy provided each occurrence limits of $1,000,000.

9. Cincinnati was the general liability insurer for Curb, Inc. beginning November 1, 2010 and continuing through November 1, 2015 under Policy No. EPP 0048230. Curb South was listed as a Named Insured on a Schedule in the Cincinnati Policy. The Cincinnati Policy provided primary liability limits of $1,000,000 each occurrence. The Cincinnati Policy also included Commercial Umbrella Liability Coverage with limits of $3,000,000 each occurrence in excess of the underlying $1,000,000 primary limits.

10. On August 16, 2013, a group of homeowners filed a lawsuit in the Second Judicial District Court, County of Bernalillo, State of New Mexico against Curb South as the developer and against others alleging construction defects in their homes and property damage arising from allegedly improper soil preparation by Curb South in the Wildflower Subdivision of Huning Ranch. A Second Amended Complaint was filed on January 10, 2014 joining additional parties and asserting claims on behalf of the owners of a total of nine homes. These owners included Defendants Danny and Marsha West, Jesus and Joyce Sedillos, Terry Hertz, Bryan and Adelita Martinez and Deepak Shah (hereinafter "the Homeowner Defendants") and also homeowners Charles Harvey, Ladonna Giron, Laura Sanchez and Aurelio and Tarah Santana who are not parties to this action. A Third Amended Complaint was filed September 8, 2014 in the State Court Lawsuit.

11. Plaintiff Union provided a defense to Curb South in the State Court Lawsuit under a reservation of rights.

12. Despite demand from Curb South and despite demand from Union to Cincinnati to participate in the defense of Curb South in the State Court Lawsuit, Cincinnati denied any duty to defend or indemnify Curb South against the State Court Lawsuit and has not participated in or paid for any portion of the defense of Curb South. Despite demand, Cincinnati refuses to pay for any portion of the judgments against Curb South.

13. The State Court Lawsuit proceeded to trial. On October 21, 2016, a jury returned verdicts in favor of each of the homeowners and against Curb South based on Curb South's comparative fault. Separate Judgments were entered in favor of each of the Plaintiffs on November 1, 2016. The combined Judgments totaled $533,747.50. Thereafter, the homeowner

plaintiffs in the State Court Lawsuit sought and were awarded costs, pre-judgment interest and post-judgment interest against Curb South.

14. The costs awarded were $82,537.20. The prejudgment interest awarded to the homeowners totals $18,571.49. Post-judgment interest was awarded at the rate of 15% from November 1, 2016 and is accruing at the rate of $190.58 per day collectively on the nine Judgments.

## III.

## CLAIMS FOR DECLARATORY RELIEF

**A. The Union Policies Do Not Cover the Claims of the Homeowner Defendants.**

15. Union incorporates by reference all other allegations of the Complaint.

16. Defendants Danny and Marsha West, Jesus and Joyce Sedillos, Terry Hertz, Bryan and Adelita Martinez and Deepak Shah purchased their respective homes after April 20, 2007.

17. Beginning April 20, 2007 and continuing through April 20, 2009, the Union Policies contained an endorsement entitled: EXCLUSION—INJURY OR DAMAGE RELATED TO MOVEMENT OF LAND, EARTH, SOIL OR MUD. Beginning April 20, 2009 and continuing through the last day a Union Policy was in effect, November 1, 2010, the Union Policies contained an endorsement entitled: EXCLUSION—INJURY OR DAMAGE ARISING OUT OF PRODUCTS/COMPLETED OPERATIONS HAZARD AND RELATED TO MOVEMENT OF LAND, EARTH SOIL OR MUD. These earth movement exclusions are valid and enforceable and unambiguously exclude coverage for the alleged damages to the homes of the Homeowner Defendants who purchased their homes after the earth movement exclusions were added to the Union Policies.

18. Union has no duty to indemnify Curb South against the Judgments entered in favor of the Homeowner Defendants in the State Court Lawsuit.

19. Although Union provided a defense to Curb South against the claims of the Homeowner Defendants under a reservation of rights, Union had no duty to defend Curb South against the claims of the Homeowner Defendants based on the earth movement exclusions.

20. Additionally, Union has no duty to defend or indemnify Curb South against the claims by and Judgments in favor of Defendants Bryan and Adelita Martinez and Defendant Depaak Shah because they purchased their respective homes after the expiration of the last Union policy and could not have suffered any property damage during the policy period of any Union policy.

21. Upon information and belief, the Cincinnati Policies do not contain an earth movement exclusion or any other applicable exclusion and therefore provide coverage for the claims of the Homeowner Defendants against Curb South.  Cincinnati alone had a duty to defend Curb South against the claims of the Homeowner Defendants and alone has the duty to indemnify Curb South against the Judgments in favor of the Homeowner Defendants.

**B.  Plaintiff is entitled to Equitable Subrogation Against Cincinnati**

22. Union incorporates by reference all other allegations in the Complaint.

23. Union has paid attorney's fees and costs in excess of $249,527.66 in defending Curb South against the claims of the Homeowner Defendants and against the claims of the other homeowner plaintiffs in the State Court Lawsuit.  Union is continuing to incur defense fees and costs related to post-trial proceedings.

24. Cincinnati wrongfully denied the claim by Curb South and rejected the demand by Union to participate in the defense of the claims by the Homeowner Defendants and the other homeowner plaintiffs in the State Court Lawsuit.  Cincinnati asserted that Curb South's prior

knowledge of soils and settlement problems in the Wildflower subdivision with infrastructure and cracking or settlement problems in six other homes belonging to persons other than the Homeowner Defendants and the other homeowner plaintiffs in the State Court Lawsuit precluded coverage under the known loss provision of the Cincinnati policy. Curb South had no knowledge of any problems with the nine homeowner plaintiffs' homes prior to the inception of the Cincinnati Policies. Cincinnati's reliance on the known loss provision as grounds to deny coverage and to refuse to defend and indemnify Curb South was and is improper and a breach of its duty to defend and indemnify. Notably, Cincinnati has participated in the defense of Curb South in a prior lawsuit and is currently participating in the defense of Curb South in an ongoing lawsuit involving similar claims of soils issues resulting in property damage to homes in other subdivisions in Huning Ranch.

25. The Court should apply a continuous trigger theory in this case to determine which policies apply given the nature of the claims and property damage, starting with the date the homeowners first purchased their homes and continuing to the time they filed suit.

26. Under principles of equitable subrogation, Cincinnati is responsible to reimburse Union 100% of the defense fees and costs incurred in defending Curb South against the claims by the Homeowner Defendants in the State Court Lawsuit.

27. Under principles of equitable subrogation, Cincinnati is responsible to reimburse Union 50% of the defense fees and costs incurred in defending Curb South against the claims by the other four homeowner plaintiffs in the State Court Lawsuit.

28.     Under principles of equitable subrogation, Cincinnati is also responsible to reimburse Union pro-rata based on the time on the risk for the judgments paid by Union relative to the other four homeowner plaintiffs in the State Court Lawsuit.

29.     Union has paid 100% of the judgments in favor of the other homeowner plaintiffs in the State Court Lawsuit, including pre-judgment and post-judgment interest as follows:

   a. Charles Harvey:  $76,295.00

   b. Ladonna Giron:  $70,497.88

   c. Laura Sanchez:  $71,534.70

   d. Aurelio & Tarah Santana:  $62,232.88

30.     Union has paid all costs awarded to plaintiffs in the State Court Lawsuit in the amount of $82,537.20 because the cost award was not apportioned among the individual plaintiffs.

31.     With respect to the claims of these four homeowner plaintiffs in the State Court Lawsuit, Union provided coverage to Curb South under only one policy period, April 20, 2006 to April 20, 2007.  Each of these four homeowners closed on their homes and first became owners capable of sustaining covered property damage caused by an occurrence after April 20, 2006. Based on the valid and enforceable earth movement exclusions set forth above, the Union policies effective April 20, 2007 and thereafter do not provide coverage to Curb South for the claims of these four homeowner plaintiffs in the State Court Lawsuit.

32.     With respect to the claims of the homeowner plaintiffs in the State Court Lawsuit, the Cincinnati Policies provide coverage to Curb South for the claims for Charles Harvey and Ladonna Giron under three policy periods beginning November 1, 2010 and ending November 1, 2013 because Charles Harvey and Ladonna Giron filed suit on August 16, 2013.  Cincinnati is required to reimburse Union 75% of the judgments, including costs and interest, in favor of

7

Charles Harvey and Ladonna Giron under principles of equitable subrogation based on the time on the risk.

33.  With respect to the claims of the homeowner plaintiffs in the State Court Lawsuit, the Cincinnati Policies provide coverage to Curb South for the claims of Laura Sanchez and Aurelio and Tarah Santana under four policy periods beginning November 1, 2010 and ending November 1, 2014 because Laura Sanchez and Aurelio and Tarah Santana filed suit on January 10, 2014 when the Second Amended Complaint was filed.  Cincinnati is required to reimburse Union 80% of the judgments, including costs and interest, in favor of Laura Sanchez and Aurelio and Tarah Santana under principles of equitable subrogation based on the time on the risk.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Union Insurance Company respectfully requests this Court to enter its Judgment and Decree in favor of Plaintiff as follows:

A.  Declaring that Union has no duty to defend or indemnify Curb South against the claims and resulting Judgments in favor of the Homeowner Defendants in the State Court Lawsuit based on the earth movement exclusions.

B.  Declaring that Union had no duty to defend or indemnify Curb South against the claims and resulting Judgments in favor of Defendants Bryan and Adelita Martinez and Defendant Depaak Shah in the State Court Lawsuit because they purchased their respective homes after the expiration of the last Union policy period.

C.  Declaring that Cincinnati breached its duty to defend Curb South against the claims of all of the homeowner plaintiffs in the State Court Lawsuit.

D.  Declaring that Cincinnati alone owes a duty to indemnify Curb South against the Judgments in favor of the Homeowner Defendants in the State Court Lawsuit.

E. Declaring that Cincinnati is required to reimburse Union 100% of the defense fees and costs incurred in defending Curb South against the claims by the Homeowner Defendants in the State Court Lawsuit.

F. Declaring that Cincinnati is responsible to reimburse Union 50% of the defense fees and costs in defending Curb South against the claims by the other four homeowner plaintiffs in the State Court Lawsuit.

G. Declaring that Cincinnati is also responsible to reimburse Union pro-rata based on the time on the risk for the judgments, including costs and interest, paid by Union relative to the other four homeowner plaintiffs in the State Court Lawsuit.

H. That judgment for damages be entered in favor of Union and against Cincinnati for the amounts sought herein, together with costs incurred in bringing this action, and for an award of pre-judgment and post-judgment interest against Cincinnati.

I. That the Court's decree be binding upon all Defendants and any other parties who may be joined in this matter.

J. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury of all issues triable to a jury herein.

Electronically submitted,

ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

By: */s/ Daniel W. Lewis*
    Daniel W. Lewis
    P.O. Box 94750
    Albuquerque, NM  87199-4750
    (505) 341-0110
    dlewis@allenlawnm.com
    *Attorneys for Plaintiff*